IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, et al.,

          Plaintiffs,

v.

ELECTROLUX HOME PRODUCTS, INC.,

          Defendant.

ORDER

11-cv-678-slc

---

Defendant Electrolux Home Products, Inc., has moved for an order pursuant to Fed. R. Civ. P. 37 compelling plaintiffs to produce documents that it says plaintiffs have wrongfully withheld from discovery under the guise of the attorney-client or work-product privileges. Dkt. 112. After a hearing on March 5, 2014, I ordered plaintiffs to re-review their claims of privilege and to submit for review, *in camera,* the documents for which they were still claiming privilege.

Plaintiffs have complied with the court's order and submitted what appears to be a culled-down set of documents for which they are seeking protection. Although plaintiffs' initial privilege log identified a large number of documents that they alleged were work product—leading to a robust debate during the telephonic conference–-their current logs assert the work product privilege for a smaller number of documents. Plaintiffs now deem the bulk of the documents to be privileged attorney-client communications.

I have reviewed each of the documents submitted by plaintiffs in accordance with the relevant legal standards. Having done so, I conclude that plaintiffs have met their burden of establishing privilege with respect to some, but not all, of the documents submitted *in camera*, as set out specifically in the table below.

I. Legal Standards

    A.  Attorney–Client Privilege

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The attorney-client privilege prohibits the compelled disclosure of "confidential communications between a client and an attorney for the purpose of obtaining legal advice." *Denius v. Dunlap*, 209 F.3d 944, 952 (7th Cir. 2000).  Not all communications between the attorney and the client are privileged; "the privilege is in derogation of the search for the truth and, therefore, must be strictly confined." *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000).  The privilege adheres "only if [the communications] constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence." *United States v. Defazio*, 899 F.2d 626, 635 (7th Cir. 1990).  The attorney-client privilege only shields communications that were intended to be confidential, so communications made to an attorney in the presence of a third party or made with the intent that they will be disclosed to a third party are not privileged. *United States v. Evans*, 113 F.3d 1457, 1462 (7th Cir. 1997); *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991).

The Seventh Circuit has adopted Professor Wigmore's formulation of the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Evans*, 113 F.3d at 1461 (quoting 8 John Henry Wigmore, *Evidence in Trials at Common Law* §

2292 (1961)). "The party seeking to invoke the privilege bears the burden of proving all of its essential elements," *id.*, and "each of these elements must be established as to each document, as the mere existence of an attorney-client relationship is not sufficient to cloak all communications with the privilege." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 86 (N.D. Ill. 1992).

### B. Work–Product Doctrine

The work-product doctrine gives qualified protection to documents prepared in anticipation of litigation. *Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983). The doctrine is broader in scope than the attorney-client privilege. *United States v. Nobles*, 422 U.S. 225, 238 n. 11 (1975) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). Although the work product privilege developed to protect the work of an attorney from encroachment by opposing counsel, *Binks*, 709 F.2d at 1118, its protection has been extended to the work of both lawyers and nonlawyers. Fed. R. Civ. P. 26(b)(3) advisory committee's note ("[T]he weight of authority affords protection of the preparatory work of both lawyers and nonlawyers …."). *See also Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 977 (7th Cir. 1996) (upholding work product protection of investigation report created by insurance company in anticipation of litigation); *In re Cendant Corp. Securities Litigation*, 343 F.3d 658 (3d Cir. 2003) (recognizing that litigation consultants retained to aid in witness preparation may qualify as non-attorneys who are protected by the work product doctrine, including opinion work product doctrine).

The work-product doctrine protects (1) "documents and tangible things otherwise discoverable" (2) "prepared by or for another party or by or for that other party's representative" (3) "in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3). The threshold determination in a case involving a claim of work product privilege is whether the material sought to be protected from discovery was prepared in anticipation of litigation. *Binks*, 709 F.2d at 1118. "The mere fact that litigation does eventually ensue does not, by itself, cloak materials prepared by an attorney with the protection of the work product privilege; the privilege is not that broad." *Id.* Rather, the test is whether the work was prepared "*because of*" the prospect of litigation or that "some articulable claim, *likely* to lead to litigation," had arisen at the time of its preparation. *Id.* at 1120 (citations omitted).

In *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 977 (7th Cir. 1996), the court noted that this line is not always easy to draw when one party is an insurance company:

> While much of the paperwork generated by insurance companies is prepared with an eye toward a possible legal dispute over a claim, it is important to distinguish between 'an investigative report developed in the ordinary course of business' as a precaution for the 'remote prospect of litigation' and materials prepared because 'some articulable claim, likely to lead to litigation ... ha[s] arisen.' (citing *Binks*, 709 F.2d at 1120).

Unlike the attorney-client privilege, a party may discover certain documents protected by the work-product doctrine by showing "substantial need" and inability to obtain equivalent information "without undue hardship". Fed. R. Civ. P. 26(b)(3). "Opinion" work product, however, is not discoverable. *Id.* Such materials include documents revealing "mental impressions, conclusions, opinions or legal theories". *Id.*

## II. Findings Re: Claims of Privilege

Having applied the above tests to the documents submitted by plaintiffs, I find that the documents listed below are *not* privileged and must be disclosed. Documents not so listed are privileged and need not be disclosed.

| File Name | Docs for In-Camera Review | Redacted Log Note Entries |
|---|---|---|
| Blake | ICR01-04 (listed on itemized sheet as 024-27) | -pgs. 21-22, January 25, 2011 entries by Gavinski designated as work product (4 total) |
| Brossard | ICR01-06, 09 | -pg. 2, May 10, 2012 entry by Noles<br>-pg. 2, May 30, 2012 entry by Roble<br>-pg. 11, Oct. 19, 2011 entry by Roble |
| Donahue[1] | ICR04, 06, 07-08, 012-017 | n/a |
| Freeman[2] | ICR01-04, 14-45, 50 | -pg. 6, May 10 and May 22 entries by Noles<br><br>-pg. 18, Aug. 3 entry by Gregory<br>-pg. 20 July 20, 2011 entry by Gregory<br>-pg. 31 May 18, 2011 entry by Gregory |
| Holt | ICR07, 010-11, 14, 15, 17, 18-19, 20 | n/a |
| Kucharski | ICR 02, 03, 04, 05, 09-10 | -pg. 2, May 10, 2012 by Noles<br>-pg. 5, Nov. 7, 2011 entry by Scheib<br>-pg. 20, March 14, 2011 entry by Scheib<br>-pg. 21, March 8-9 email exchange between Scheib and Perla<br>pg. 22, March 9, 2011 note by Scheib |

---

[1] The cover sheet that plaintiffs provided with the Donahue file indicates that there are three additional documents (Donahue 780-782) from which it has redacted information on the ground that it is privileged work product. However, these documents are not in the file provided to the court.

[2] The Bates numbers for the in-camera review documents on plaintiffs' itemized log do not match up with the bates numbers on the actual documents provided. I have used the numbers as they appear on the actual documents.

| Larson | ICR 02-08, 12, 14 | -pg. 2, entry on June 29, 2012 by Kaetterhenry and July 24, 2012 entry by Roble<br>-pg. 6, Oct. 19, 2011 entry by Roble<br>-pg. 12, entries on Oct. 13, 2010 (3) and November 3, 2010 (1) (4 total)<br>-pg. 38, Nov. 5, 2009 entry by Roble |
| --- | --- | --- |
| McCants | n/a | -pg. 4, Nov. 27, 2012 entry by Kaetterhenry<br>-pg. 8, Oct. 23, 2012 entry by Kaetterhenry<br>-pg. 10, Oct. 12, 2012 entry by Kaetterhenry |

ORDER

IT IS ORDERED that the motion of defendant Electrolux to compel discovery is GRANTED IN PART and DENIED IN PART as set forth above. Plaintiffs have until July 21, 2014 to produce the documents listed in the table above to defendant. If there are outstanding discovery issues not addressed in this order, the parties should bring them promptly to the court's attention.

Entered this 14th day of July, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge